# NO. 12-23-00205-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARQUIS DECOLE LONG,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 369TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Marquis Decole Long appeals his conviction for possession of a controlled substance. In his sole issue, Appellant argues that the sentence imposed by the trial court amounts to cruel and unusual punishment because it is disproportionate to (1) other sentences for the same offense and (2) the facts and circumstances constituting Appellant's offense. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance (methamphetamine) with intent to deliver, in an amount of four grams or more but less than two hundred grams. The matter proceeded to trial, and the jury found Appellant "not guilty" of possession of a controlled substance with intent to deliver, but found him "guilty" of the lesser-included offense of possession of a controlled substance. Appellant elected for the jury to assess his punishment, and after hearing evidence during the punishment phase, the jury found that two enhancement paragraphs were "true" and sentenced Appellant as a habitual offender to ninety-

nine years of confinement.[1]  The trial court sentenced Appellant in accordance with the jury's findings.  This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Long argues that the ninety-nine-year sentence imposed by the trial court amounts to cruel and unusual punishment because it is disproportionate to other sentences for the same offense and the facts and circumstances of the crime committed.  However, Appellant did not raise a timely objection in the trial court regarding the issue of cruel and unusual punishment, and he therefore failed to preserve any such error.  *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of rights under Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver of rights under United States Constitution); *see also* TEX. R. APP. P. 33.1(a); *see also Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the Court itself to take up error preservation as a threshold issue.").  For the reasons explained herein, despite Appellant's failure to preserve error, we conclude that his sentence does not constitute cruel and unusual punishment.

"The legislature is vested with the power to define crimes and prescribe penalties." *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual.  *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.  In this case, Appellant was convicted of the second-degree felony offense of possession of a controlled substance in an amount of four grams or more, but less than two hundred grams.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West Supp. 2023).  The State alleged five enhancement paragraphs, which indicated that Appellant was previously convicted of five felonies: (1) possession of a controlled substance in Galveston County, Texas; (2) delivery of a controlled substance in Galveston County, Texas; (3) possession of a prohibited weapon in Galveston County, Texas; (4) theft of property in

---

[1] The indictment contained one enhancement paragraph, but the State subsequently filed a notice of enhancement paragraphs, which included the original enhancement paragraph from the indictment as well as four additional enhancement paragraphs.

Anderson County, Texas, after previously being convicted of the offenses set forth in paragraphs one, two, and three, resulting in enhanced punishment; and (5) a second charge of theft of property in Anderson County, Texas, after being previously convicted of the offense set forth in paragraphs one, two, and three, resulting in enhanced punishment. Appellant pleaded "not true" to each of the enhancement paragraphs.

The jury found enhancement paragraphs four and five "true" and assessed punishment at ninety-nine years of confinement. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019) (providing that if it is shown on trial of non-state-jail felony that defendant has previously been convicted of two felony offenses, and second previous felony conviction is for offense that occurred after first previous conviction became final, on conviction, defendant shall be punished by imprisonment for life or for any term of not more than 99 years or less than 25 years); *see also id*. § 12.32(a) (West 2019) (setting range of punishment for first-degree felony at life or term of not more than ninety-nine years or less than five years). The ninety-nine-year sentence imposed falls within the range set by the Legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.SW.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nonetheless, Appellant urges this Court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. Texas courts and the Fifth Circuit Court of Appeals have modified the application of the *Solem* test in light of the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See*, *e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert denied*, 506 U.S 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in making a threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. In *Rummel*, the United States Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version

of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. 1135. The appellant in *Rummel* received a life sentence because he had two prior felony convictions – one for fraudulent use of a credit card to obtain goods worth $80.00 and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and considering the purpose of the habitual offender statute, the Supreme Court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the instant case, Appellant's second-degree felony offense – possession of a controlled substance in an amount of four grams or more but less than two hundred grams, enhanced by two prior felony convictions to the punishment range for a first-degree felony – is no less serious than the combination of offenses committed by the appellant in *Rummel*, and Appellant's ninety-nine-year sentence is no more severe than the life sentence upheld in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* is not constitutionally disproportionate, neither is the sentence imposed upon Appellant. Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *Jackson*, 989 S.W.2d at 845-46. We overrule issue one.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered January 24, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 24, 2024**

**NO. 12-23-00205-CR**

**MARQUIS DECOLE LONG,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-22-36022)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*